**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 98-10012**
_____


**MICHAEL WAYNE FIELDS,**

**Petitioner-Appellant,**

**versus**

**GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,**
**INSTITUTIONAL DIVISION**

**Respondent-Appellee.**

---

**Appeal from the United States District Court**
**for the Northern District of Texas**

---

**October 28, 1998**

Before JOLLY, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:

Our court having held in *Flanagan v. Johnson*, 154 F. 3d 196 (5th Cir. 1998) and *U.S. v. Flores*, 135 F.3d 1000 (5th Cir. 1998), that 28 U.S.C. § 2254 federal habeas applicants and 28 U.S.C. § 2255 movants whose claims would have been otherwise time-barred immediately as of the enactment of the one-year limitations period in the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) (AEDPA), instead have one year following AEDPA's effective date to file their applications, at issue is whether this one year is tolled pending the pursuit of

state habeas relief, as per 28 U.S.C. § 2244(d)(2). We hold that it is.

Michael Wayne Fields, Texas prisoner #645761, appeals the dismissal as time-barred of his § 2254 habeas application. We **VACATE** and **REMAND** for further proceedings.

## I.

In June 1993, Fields was convicted in Texas state court for unlawful delivery of a controlled substance and was sentenced to prison for approximately 15 years. He did not pursue a direct appeal.

AEDPA became effective on 24 April 1996. On 13 November of that year, Fields filed for state habeas relief, claiming ineffective assistance of counsel regarding the possibility of a direct appeal. That petition was denied by the Texas Court of Criminal Appeals on 12 February 1997, 91 days after the initial filing.

On 19 May 1997, Fields filed for habeas relief in federal court, pursuant to 28 U.S.C. § 2254, again claiming ineffective assistance of counsel. The application was dismissed as time-barred. (Fields' motion for appointment of counsel on appeal is **DENIED**.)

## II.

AEDPA instituted for the first time a limitations period for state prisoner habeas applications under 28 U.S.C. § 2254 and for

federal prisoner motions for reconsideration of sentence under 28 U.S.C. § 2255. *See* 28 U.S.C. §§ 2244 (state prisoners) and 2255 (federal prisoners); ***Flanagan***, 154 F.3d at 198; ***Davis v. Johnson***, ___ F.3d ___ (5th Cir. 1998) (98-20507) (holding that AEDPA limitations period is statute of limitations subject to equitable tolling, not jurisdictional statute of repose). For state prisoners, 28 U.S.C. § 2244, as modified by AEDPA, provides in pertinent part:

>        (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

>        (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>        (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>        (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>        (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>        (2) *The time during which a properly filed application for State post-conviction or*

> *other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

28 U.S.C. § 2244(d) (emphasis added). (The limitations provision for § 2255 motions is found in that section.)

Courts applying AEDPA's new limitations period faced retroactivity concerns regarding prisoners, like Fields, convicted before AEDPA's 24 April 1996 effective date. *Lindh v. Murphy*, 521 U.S. 320 (1997), held that AEDPA applies only to applications filed after AEDPA's effective date. Fields falls into this category; he filed his habeas application in 1997.

Courts also faced applicants whose one-year time limit had already run before AEDPA became effective. Fields also falls into this category; the time for his state appeal lapsed in July 1993, Tex. R. App. P. 202(b); therefore, the § 2244(d)(1) period would have expired in July 1994.

But, in *Flores*, 135 F.3d at 1002-05, considering a § 2255 movant, our court joined several sister circuits in granting such otherwise-time-barred prisoners a "reasonable" length of time to file such motions. *See Ross v. Artuz*, 150 F.3d 97, 101 (2d Cir. 1998); *Joseph v. McGinnnis*, 150 F.3d 103, 104 (2d Cir. 1998); *Mickens v. United States*, 148 F.3d 145, 147-48 (2d Cir. 1998); *Rosa v. Senkowski*, 148 F.3d 134, 135-36 (2d Cir. 1998); *Peterson v. Demskie*, 107 F.3d 92, 92-93 (2d Cir. 1997); *Burns v. Morton*, 134

4

F.3d 109, 111 (3d Cir. 1998); *Brown v. Angelone*, 150 F.3d 370, 374-75 (4th Cir. 1998); *O'Connor v. United States*, 133 F.3d 548, 550 (7th Cir. 1998); *Lindh v. Murphy*, 96 F.3d 856, 865-66 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997); *Calderon v. United States District Court for the Central District of California*, 128 F.3d 1283, 1287 (9th Cir. 1997), *cert. denied*, 118 S. Ct. 899 (1998); *Miller v. Marr,* 141 F.3d 976, 977 (10th Cir. 1998), *petition for cert. filed*, no. 98-5195; *U.S. v. Simmonds*, 111 F.3d 737, 745-46 (10th Cir. 1997).

*Flores* based its "reasonableness period" on the holding of *Hanner v. State of Mississippi*, 833 F.2d 55 (5th Cir. 1987), and *Culbreth v. Downing*, 28 S.E. 294 (N.C. 1897), that claims accruing before a change in a limitations period must be filed within the shorter of (1) the time allowed by the old limitation period, running from the claim's accrual, and (2) the time allowed by the new limitation period, running from the time of the change. *Flores*, 135 F.3d at 1005, 1006 (quoting *Culbreth*, 28 S.E. at 296, and *Hanner*, 833 F.2d at 59). Because, pre-AEDPA, § 2255 motions were not subject to a limitations period, AEDPA's limitations period amounted to the new statute of limitations period running from 24 April 1996.

*Flanagan* clarified the *Flores* period in two ways. First, the reasonableness period applies to § 2254 applications as well as to

5

§ 2255 motions. **Flanagan**, 154 F.3d at 200 n.2; *cf*. **Flores**, 135 F.3d at 1002 n.7.  Second, the period does not include the day of AEDPA's enactment, **Flanagan**, 154 F.3d at 200-02; accordingly, applications filed on 24 April 1997 are timely.

As quoted earlier, § 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

We now further clarify the **Flores/Flanagan** rule and hold that the § 2244(d)(2) tolling provision applies to the reasonableness period.  This result accords with **Davis,** which allows equitable tolling of the one-year period.  Needless to say, in that equitable tolling may modify the strict one-year limit, so too must the tolling mandated by AEDPA.  *Accord* **Hoggro v. Boone**, 150 F.3d 1223, 1225-27 (10th Cir. 1998); **Lovasz v. Vaughn**, 134 F.3d 146, 148-49 (3rd Cir. 1998); *see also* **Brewer v. Johnson**, 139 F.3d 491, 493 (5th Cir. 1998).

## III.

Because Fields' state post-conviction proceeding was pending for 91 days during the year following 24 April 1996, the effective date of AEDPA, he had 91 days past 24 April 1997 in which to file his first § 2254 application.  His 19 May 1997 application was

6

filed within that time.  Accordingly, we **VACATE** the judgment and **REMAND** for further proceedings.

*VACATED AND REMANDED*