IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40560
_____

WENDALL DAY,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:97-CV-724
- - - - - - - - - -

December 29, 1998

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Wendall Day, Texas prisoner # 737690, seeks a certificate of appealability ("COA") in order to appeal the district court's dismissal of his 28 U.S.C. § 2254 petition as barred by limitations. A COA may be issued only if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In cases in which the underlying constitutional issues were never reached, the movant must make a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

credible showing of error by the district court in its dismissal. See Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997).

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (1996), created the one-year limitation period contained in 28 U.S.C. § 2244(d)(1). The district court assumed that the one-year limitation period began to run when Day's conviction and sentence became final and that, even with the tolling of the limitation period during the pendency of Day's state habeas application, his § 2254 petition was not filed timely on July 29, 1997. The district court erred in this conclusion.

Prisoners attacking convictions or sentences that became final prior to the AEDPA's effective date have one year within which to seek federal habeas relief, commencing on the AEDPA's effective date. United States v. Flores, 135 F.3d 1000, 1004-06 (5th Cir. 1998) (28 U.S.C. § 2255 motion). Day's convictions became final prior to the effective date of the AEDPA; thus, he had until April 24, 1997, to file his § 2254 petition. Id.; Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir. 1998).

Pursuant to § 2244(d)(2), however, the period during which a "properly filed" application for state habeas corpus relief regarding the same conviction and sentence is pending is not counted towards the one-year statutory limitation period in § 2244(d)(1). See § 2244(d)(2). Day's state habeas application was pending for 101 days during the Flores grace period, and the tolling provision extended the one-year limitation period 101 days from April 24, 1997, or until August 3, 1997. See Fields v.

<u>Johnson</u>, 159 F.3d 914, (5th Cir. 1998), 1998 WL 754901, *3.  Day filed his § 2254 petition on July 29, 1997.  Thus, Day's federal habeas petition was filed timely.

Day has made a credible showing that the district court erred in dismissing his petition as time-barred.  We lack jurisdiction to consider the merits of the unaddressed underlying habeas corpus claims because the district court did not consider whether a COA should be granted on those issues.  <u>Whitehead v. Johnson</u>, 157 F.3d 384, 387-88 (5th Cir. 1998).

COA is GRANTED, the district court's judgment is VACATED, and the case is REMANDED for further proceedings.