IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20221
Summary Calendar
_____

LYONELL GASERY,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
(97-1685)
- - - - - - - - - -
May 7, 1999

Before SMITH, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Lyonell Gasery, Texas state prisoner #619996, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 petition as time-barred under 28 U.S.C. § 2244(d). He also seeks leave to proceed on appeal in forma pauperis (IFP). The district court did not address the merits of Gasery's petition.

Gasery contends, inter alia, that his § 2254 petition was timely filed because his state habeas application, denied on

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

October 30, 1996, tolled the limitations period. For Gasery to obtain a COA in light of the dismissal of his petition as time-barred, he must make a credible showing that the district court erred in dismissing his petition for that reason. See Sonnier v. Johnson, 161 F.3d 941, 943 (5th Cir. 1998).

There is a one-year reasonableness period, commencing on April 24, 1996 (the effective date of the Antiterrorism and Effective Death Penalty Act), for the filing of § 2254 petitions, and petitions filed before or on April 24, 1997, are considered timely. Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir. 1998). The time during which a properly filed state habeas petition is pending tolls the limitations period and the one-year reasonableness period. See Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998).

Gasery did not file his federal habeas petition until May 1, 1997, approximately one week after the expiration of the one-year reasonableness period. Nevertheless, Gasery's state habeas application was pending as of April 24, 1996, and was not denied until October 30, 1996. The pendency of the state application tolled the reasonableness period for over six months. As Gasery's federal habeas petition was thus timely filed, he has made a credible showing that the district court erred. Accordingly, COA is GRANTED. Gasery's motion for IFP also is GRANTED. The judgment of the district court is VACATED, and the case is REMANDED for further proceedings. See Whitehead v. Johnson, 157 F.3d 384, 387-88 (5th Cir. 1998).

COA GRANTED; IFP GRANTED; VACATED & REMANDED.