IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40446
Summary Calendar
_____


CURTIS SHABAZZ,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:98-CV-15
- - - - - - - - - - -

May 24, 1999

Before KING, Chief Judge, and BARKSDALE, and STEWART, Circuit
Judges.

PER CURIAM:[*]

    Curtis Shabazz, Texas prisoner No. 522178, seeks a

certificate of appealability (COA) to appeal the district court's

dismissal of his 28 U.S.C. § 2254 petition as time-barred under

28 U.S.C. § 2244(d)(1).  COA is GRANTED and judgment case is

VACATED and the case is REMANDED to the district court for

further proceedings consistent with this opinion.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Shabazz argues that principles of equitable tolling dictate that his petition is not time-barred because he has been held in administrative segregation since 1991; that he has no access to television, radio, newspapers, or magazines other than the prison newspaper, The Echo; that he is denied physical access to a law library and can obtain legal materials only by providing their exact citation; that the Texas Department of Criminal Justice (TDCJ) did not timely promulgate the Antiterrorism and Effective Death Penalty Act (AEDPA) to administrative segregation inmates; and that Shabazz did not learn of the § 2244(d)(1) limitations period until he read an article published in the July 1997 issue of The Echo.

In appeals where the argument for a COA is based on a nonconstitutional issue, the prisoner must make a credible showing that the district court erred in dismissing the application. See Sonnier v. Johnson, 161 F.3d 941, 943 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 809 (5th Cir. 1998).

A habeas petitioner has one year from the date that his conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review to file a habeas application. 28 U.S.C. § 2244(d)(1)(A). Statutory exceptions to the accrual date of the one-year limitation period include a state-created impediment to the petitioner's filing of an application; new constitutional rights recognized by the Supreme Court and having retroactive application; and the discovery of new facts supporting the claim which could not have been discovered with due diligence on an earlier date. See

§ 2244(d)(1)(B),(C),(D). The time during which a properly filed application for state postconviction relief or other collateral review is pending shall not be counted. See § 2244(d)(2). This court has held that prisoners whose convictions became final prior to the April 24, 1996, effective date of the AEDPA have a one-year grace period in which to file applications for federal habeas relief. United States v. Flores, 135 F.3d 1000, 1006 (5th Cir. 1998) (§ 2255 case). Both the one-year statute of limitations in § 2244(d)(1) and the grace period are subject to equitable tolling in appropriate extraordinary circumstances. Davis, 158 F.3d at 811; Fields v. Johnson, 159 F.3d 914, 915-16 (5th Cir. 1998).

The record is silent as to when Shabazz filed his petition for state habeas relief. Absent the filing date of Shabazz's state habeas application, it cannot be determined whether his federal petition is timely or untimely; thus, the district court's determination that Shabazz's petition is time-barred under § 2244(d)(1) is not supported by the record. See Magouirk v. Phillips, 144 F.3d 348, 362-63 (5th Cir. 1998).

COA GRANTED; VACATED AND REMANDED.