**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 98-30305**
_____

**ALFRED MITCHELL,**

**Petitioner-Appellant,**

**versus**

**BURL CAIN, Warden, Louisiana State Penitentiary;
RICHARD IEYOUB, Attorney General, State of Louisiana,**

**Respondents-Appellees.**

_____

**Appeal from the United States District Court
for the Eastern District of Louisiana
(97-CV-1848-J)**
_____

July 9, 1999

Before KING, Chief Judge, SMITH and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

Alfred Mitchell, Louisiana prisoner #65291, contests, _pro se_, the denial of his 28 U.S.C. § 2254 habeas petition, claiming that, under **_Cage v. Louisiana_**, 498 U.S. 39 (1990), the reasonable doubt jury instruction was unconstitutional. We **AFFIRM**.

I.

Mitchell was convicted of second-degree murder in November 1989. The instruction provided in part:

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Now while the State must prove guilt beyond a reasonable doubt, it does not have to prove guilt beyond all possible doubt. Reasonable doubt is doubt based on reason and common sense and is present when, after you have carefully considered all of the evidence, you can not say that you are firmly convinced of the truth of that charge.

Now more on reasonable doubt. A reasonable doubt must be just that, a reasonable one. That is one that is founded upon a real, tangible, substantial basis and not upon mere caprice, fancy, or conjecture. It must be such a doubt as would give rise to an uncertainty raised in your minds by reason of the unsatisfactory character of the evidence. A reasonable doubt is not a mere possible doubt. It's an actual or a substantial doubt. It is such a doubt as a reasonable person would seriously entertain. It's a serious doubt, a doubt for which you can give a reason.[2]

Mitchell's conviction and life sentence were affirmed on direct appeal. *State of Louisiana v. Mitchell*, 572 So.2d 800 (La. App. 4th Cir. 1990), *writ denied*, 576 So.2d 47 (La. 1991). His 1994 petition for state habeas relief was denied; the Louisiana Supreme Court denied a supervisory writ in October 1996.

Mitchell filed the present § 2254 petition in July 1997, challenging the instruction and claiming ineffective assistance of counsel. The district court denied relief. Our court granted a

---

[2]In his state and federal habeas applications, Mitchell erroneously stated that the instructions included "grave uncertainty" and "moral certainty".

certificate of appealability on the instruction issue. *See* 28 U.S.C. § 2253(c)(1)(A).

## II.

Of course, we review *de novo* a district court's conclusions on issues of law, such as a due process challenge to a reasonable doubt definition. *E.g.*, **Graham v. Johnson**, 168 F.3d 762, 772 (5th Cir. 1999).

Federal habeas relief is barred for state prisoners on "any claim that was adjudicated on the merits in State court proceedings", unless, for issues of law, the adjudication ran afoul of "clearly established Federal law, as determined by the Supreme Court of the United States". 28 U.S.C. § 2254(d). This rule, added to § 2254 by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1218 (1996) (AEDPA), applies to petitions, like Mitchell's, filed after AEDPA's effective date, 24 April 1996. *E.g.*, **Muhleisen v. Ieyoub**, 168 F.3d 840, 844 (5th Cir. 1999).[3]

On reviewing the record, we conclude that the state court denied Mitchell's instruction claim on the merits; the court gave

---

[3]While 28 U.S.C. § 2244(d)(1), also added by AEDPA, sets a one-year period for seeking federal habeas relief after a state conviction has become final, this limitations period begins on 24 April 1996 (AEDPA's effective date) for persons convicted before then, *e.g., **Fields v. Johnson**, 159 F.3d 914, 914 (5th Cir. 1998), and is tolled while state habeas relief is pursued, ***id.**; 28 U.S.C. § 2244(d)(2). Accordingly, because his state application was pending until October 1996, Mitchell's July 1997 federal application was timely.

no hint of a procedural disposition. *See **Fisher v. Texas***, 169 F.3d 295, 300 (5th Cir. 1999) (substantive, non-procedural dispositions are "on the merits" under § 2254). Accordingly, we only consider the Supreme Court's statement of the law at the time Mitchell's conviction became final — March 1991. ***Muhleisen,*** 168 F.3d at 844. Then, as now, the only Supreme Court invalidation of a reasonable-doubt instruction was ***Cage***, decided in November 1990. ***Id.***

*Cage* held the following instruction violative of due process:

> If [the evidence] does not establish such guilt beyond a reasonable doubt, you must acquit the accused. This doubt, however, must be a reasonable one; that is one that is founded upon a real tangible substantial basis and not upon mere caprice and conjecture. *It must be such doubt as would give rise to a grave uncertainty*, raised in your mind by reasons of the unsatisfactory character of the evidence or lack thereof. A reasonable doubt is not a mere possible doubt. *It is an actual substantial doubt*. It is a doubt that a reasonable man can seriously entertain. What is required is not an absolute or mathematical certainty, but a *moral certainty*.

498 U.S. at 40 (emphasis by Supreme Court). The Court concluded that

> the words "substantial" and "grave," as they are commonly understood, suggest a higher degree of doubt than is required for acquittal under the reasonable-doubt standard. When those statements are then considered with the reference to "moral certainty," rather than evidentiary certainty, it becomes clear that a reasonable juror could have interpreted the instruction to allow a finding of guilt based on a degree of proof below that required by the Due Process Clause.

- 4 -

*Id.* at 41.[4]  Accordingly, the Court in *Cage* was troubled by the cumulative effect of "actual substantial doubt", "grave uncertainty", and "moral certainty" on jurors.

Our court has recently held, however, that even a charge replicating all of the elements challenged by Mitchell — "actual or substantial doubt", "serious doubt ... for which you could give [a] reason", "[doubt] founded upon real, tangible, substantial basis and not upon caprice, fancy or conjecture", "such a doubt as a reasonable man would seriously entertain" — and *also* adding the problematic "grave uncertainty", not present here, and requiring a juror to "give *good* reason" (emphasis added), *not* just "give a reason", as here, does *not* violate *Cage. Muhleisen,* 168 F.3d at 843-44 & n.2.

## III.

Accordingly, the denial of habeas relief is

*AFFIRMED.*

---

[4]The "could have interpreted" passage, suggesting a different standard of review than whether a "reasonable likelihood" existed that a juror interpreted a jury instruction unconstitutionally, was later disavowed. *Estelle v. McGuire*, 502 U.S. 62, 72 n.4 (1991).