IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50913
_____

HERMAN EARL WOOLBRIGHT,

                                    Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                    Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-98-CV-18
--------------------

November 3, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Herman Earl Woolbright, Texas prisoner # 462540, seeks a certificate of appealability ("COA") to appeal the district court's dismissal of his 28 U.S.C. § 2254 petition as time-barred, pursuant to 28 U.S.C. § 2244(d).  Woolbright first argues that the limitation rules of the Antiterrorism and Effective Death Penalty Act ("AEDPA") do not apply to his case because his most recent state habeas application was filed before the AEDPA's

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enactment date.  This argument is without merit.  See Lindh v. Murphy, 521 U.S. 320, 336 (1997).

If his COA request is liberally construed, Woolbright contends that the district court erred by dismissing his § 2254 petition as time-barred.  COA is GRANTED with regard to the issue whether his § 2254 petition was time-barred.

Woolbright's third state habeas application, although dismissed by the Texas courts as an abuse of the writ, was properly filed and thus tolled the applicable limitation period. See Villegas v. Johnson, 184 F.3d 467, 472-73 (5th Cir. 1999). With the benefit of the resulting tolling, Woolbright's federal habeas petition was filed within the limitations period established by the AEDPA.  See Flanagan v. Johnson, 154 F.3d 196, 199-200 (5th Cir. 1998)(state prisoners seeking to challenge convictions which became final prior to April 24, 1996, have a one-year "grace period" within which to file); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998)(tolling provision of § 2244(d)(2) applies to "grace period").  At the time Woolbright's third state habeas application was filed, May 3, 1996, only 9 days of the grace period had lapsed.  The limitations period was tolled from the date that the third state habeas application was filed until the date that it was dismissed, April 9, 1997.  Woolbright therefore had an additional 356 days from the date his third state habeas application was dismissed within which to file (one year less the 9 days which had already lapsed), or until March 31, 1998.  His petition, filed before February 17, 1998, was thus timely.  Accordingly,

COA is GRANTED, the judgment of the district court is VACATED, and the case is REMANDED for further proceedings.

COA GRANTED; VACATED AND REMANDED.