IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50106
Summary Calendar
_____

SERGIO RENE SALAZAR,
also known as Samuel Avila,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION;
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

                                        Respondents-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-97-CV-241
- - - - - - - - - - -

November 10, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Sergio Rene Salazar, Texas state prisoner # 533820, appeals from the district court's dismissal of his 28 U.S.C. § 2254 petition as time-barred under 28 U.S.C. § 2244(d).  Salazar's motion for appointment of counsel on appeal is DENIED, and his motion for leave to file a supplemental brief is GRANTED.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Salazar argues that the district court erred in dismissing his habeas petition as time-barred because the pendency of his third state habeas application tolled the limitations period under § 2244(d)(2). Because Salazar's conviction became final prior to the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Salazar had until April 24, 1997, to file his § 2254 petition unless the period was tolled pursuant to § 2244(d)(2). Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir. 1998); United States v. Flores, 135 F.3d 1000, 1004-07 (5th Cir. 1998) (28 U.S.C. § 2255 case), cert. denied, 119 S. Ct. 846 (1999).

Under § 2244(d)(2), the period during which a "properly filed" application for state habeas corpus relief is pending is not counted towards the one-year statutory limitation period in § 2244(d)(1). See § 2244(d)(2). Section 2244(d)(2)'s tolling provision applies to the one-year "reasonableness" period under Flores and Flanagan. See Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998). In light of this court's recent decision in Villegas v. Johnson, 184 F.3d 467 (5th Cir. 1999), the filing of Salazar's third state habeas petition served to toll the one-year limitations period under § 2244(d)(2). Id. at 473.

Salazar's third state habeas petition was pending from May 13, 1996, through July 31, 1996, or approximately 79 days. Salazar therefore had 79 days after the April 24, 1997, deadline to file a timely federal habeas petition, or until July 14, 1997, because the 79th day (July 12, 1997) was a Saturday. Salazar's petition, whether filed on July 3, 1997, or July 8, 1997, for

limitations purposes, was thus filed within the 79-day extended reasonableness period. Accordingly, the district court's judgment denying Salazar's § 2254 petition as time-barred is VACATED, and this case REMANDED for further proceedings consistent with this opinion.

VACATED AND REMANDED. APPOINTMENT OF COUNSEL DENIED. SUPPLEMENTAL BRIEF GRANTED.