IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30594
Summary Calendar
_____

RONALD WILLIAMS,

Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana
State Penitentiary,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CV-3864-D
--------------------

November 24, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Ronald Williams, Louisiana prisoner # 100849, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 petition as time-barred, pursuant to 28 U.S.C. § 2244(d).  Williams contends that the district court erred by dismissing his § 2254 petition as time-barred.  A COA is GRANTED with regard to the issue whether his § 2254 petition was time-barred.

Williams' second state habeas application, even if dismissed

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by the state courts as repetitive of his first habeas application, was properly filed and thus tolled the applicable limitation period. See Villegas v. Johnson, 184 F.3d 467, 472-73 (5th Cir. 1999). With the benefit of the resulting tolling, Williams' federal habeas petition was filed within the limitations period established by the AEDPA. See Flanagan v. Johnson, 154 F.3d 196, 199-200 (5th Cir. 1998)(state prisoners seeking to challenge convictions which became final prior to April 24, 1996, have a one-year "grace period" within which to file); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998) (tolling provision of § 2244(d)(2) applies to "grace period"). Williams' second state habeas application was filed on March 18, 1996, and remained pending until the Louisiana Supreme Court denied Williams a supervisory writ on September 5, 1997. Therefore the limitations period was tolled until September 5, 1997, when the one-year statute of limitations began to run. Williams' petition, filed December 11, 1997, was thus within the applicable one-year period. Accordingly, COA is GRANTED, the judgment of the district court is VACATED, and the case is REMANDED for further proceedings.

COA GRANTED; VACATED AND REMANDED.