**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 99-50431**
**Summary Calendar**

_____

**ROY MENDOZA GARCIA,**

**Petitioner-Appellant,**

**versus**

**GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT**
**OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,**

**Respondent-Appellee.**

_____

**Appeal from the United States District Court**
**for the Western District of Texas**
**(DR-97-CV-70)**

_____

August 22, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Roy Mendoza Garcia, Texas state prisoner # 653796, appeals the dismissal, as time-barred under 28 U.S.C. § 2244(d), of his 28 U.S.C. § 2254 habeas petition.  He contends the district court so erred because the pendency of his state habeas application tolled the one-year grace period following 24 April 1996.  The respondent confesses error, asserting that the pendency of Garcia's state application, which he attempted to file on 21 June 1996, and filed

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on 22 October 1996, tolled the grace period.

Section 2244(d)(1)(A) provides that a habeas petitioner has one year from the date that his conviction becomes final, by the conclusion of direct review or upon the expiration of the time for seeking such review, to file a habeas application. The time during which a properly filed application for state post-conviction relief is pending is *not* counted toward any period of limitations under this statute. *See* § 2244(d)(2). State prisoners whose convictions have become final before the 24 April 1996, effective date of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) must be accorded a reasonable time — the one-year grace period — after AEDPA's effective date, within which to file habeas petitions. *Flanagan v. Johnson*, 154 F.3d 196, 199-200 & n.2 (5th Cir. 1998). The § 2244(d)(2) tolling provision applies to the grace period. *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998).

Because Garcia's convictions became final before AEDPA's enactment, he was entitled to the one-year grace period, which expired on 24 April 1997. *See Flanagan*, 154 F.3d at 199-200. Even assuming Garcia's state habeas application filed 21 June 1996, was not "properly filed" for § 2244(d)(2) purposes, his application filed 22 October 1996, which may remain pending, tolled the grace period. *See Fields*, 159 F.3d at 916.

The judgment of the district court dismissing Garcia's habeas petition as time-barred is **VACATED** and the case is **REMANDED** for the

2

court to determine whether Garcia's federal habeas petition should be dismissed as premature, pending exhaustion of state remedies.

Garcia requests reimbursement of the $105 appellate filing fee and sanctions against the respondent of twice the amount of the filing fee. This court granted Garcia's motion for leave to proceed on appeal *in forma pauperis*, and he thus has not paid an appellate filing fee. His reimbursement and sanctions requests are **DENIED**.

*VACATED and REMANDED*