IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50722
Summary Calendar
_____

JUNE GOFF,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-97-CV-204
- - - - - - - - - -

February 22, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

June Lee Goff, Texas prisoner #731056, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 petition as time-barred by 28 U.S.C. § 2244(d)'s one-year limitations period. The district court did not address the merits of Goff's petition. Goff contends that his § 2254 petition was timely filed because his state habeas application tolled the limitations period.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Goff's petition was dismissed as time-barred, in order for him to obtain a COA, he must make a credible showing that the district court erred in dismissing his petition as time-barred. See Sonnier v. Johnson, 161 F.3d 941, 943-46 (5th Cir. 1998).

There is a one-year grace period, commencing on April 24, 1996 (the effective date of the Antiterrorism and Effective Death Penalty Act) for the filing of § 2254 petitions, and petitions filed before or on April 24, 1997, are considered timely. Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir. 1998). Also, the period of time a properly filed state habeas petition is pending tolls the limitations period and the one-year grace period. See Fields v. Johnson, 159 F.3d 914, 915-16 (5th Cir. 1998).

The district court determined that Goff had filed his state habeas application on February 6, 1997, and that the application was denied on March 19, 1997. The period of time the state habeas application was pending was 42 days, and the one-year grace period for Goff's filing of his § 2254 petition was extended by 42 days, thus making his petition due by June 5, 1997. Goff's petition was stamped filed by the district court on June 5, 1997. Goff's petition was timely filed, and he has made a credible showing that the district court erred.

Accordingly, COA is GRANTED, the judgment of the district court is VACATED, and the case is REMANDED for further proceedings.