IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 17, 2008

Charles R. Fulbruge III
Clerk

No. 05-10020

THOMAS LANE COKER

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CV-2146

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

This Court granted Thomas Lane Coker a Certificate of Appealability
("COA") solely on the issue of whether the limitations period should have been
equitably tolled because he did not receive notice of the denial of his state habeas
application. Coker v. Dretke, No. 05-10020, slip op. at 2 (5th Cir. June 8, 2006).
For the following reasons, the district court's denial of habeas corpus relief is
REVERSED and REMANDED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

## I. FACTS AND PROCEEDINGS

Coker was convicted after a bench trial of being a felon in possession of a firearm and he was sentenced to an enhanced forty-year term of imprisonment. The Texas Court of Criminal Appeals ("TCCA") affirmed his conviction on October 21, 1999, and denied his petition for discretionary review on February 9, 2000. Coker filed a state application for post-conviction relief on October 19, 2000. The TCCA denied the application without a written order on January 31, 2001. Proceeding pro se, Coker filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2254 on September 22, 2003, arguing that (1) his conviction was based on evidence seized during an illegal search, (2) there was insufficient evidence to support his conviction, (3) he received ineffective assistance of trial and appellate counsel, and (4) the statute of conviction was vague and overly broad. The government contended that Coker's petition should be dismissed as untimely because he did not file within the one-year statute of limitations made applicable to § 2254 petitions by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2244(d). On December 3, 2003, the district court dismissed Coker's petition and entered judgment, adopting the magistrate judge's November 24, 2003 denial of Coker's § 2254 petition as time-barred.

Coker then moved for a new trial, arguing that the district court entered final judgment before the ten-day period for filing objections to the magistrate judge's report and recommendations had expired. The district court granted Coker's motion, vacated its December 3, 2003 entry of final judgment, and granted Coker's request for an extension of time to file his objections.

In his objections to the magistrate judge's report, Coker argued that the limitations period for filing a § 2254 petition should have been equitably tolled based on his failure to receive notice that his state habeas corpus application had been denied. He attached a number of exhibits to his objections, including copies of letters mailed to the TCCA in June 2001 and June 2002, requesting

information regarding the status of his state habeas corpus application. He indicated that he never received a response to those letters. Coker also included a memorandum of law in support of his state habeas corpus application, which he mailed to the TCCA in June 2003, thinking that the application was still pending. He indicated that he finally received a letter from the TCCA dated December 5, 2003, informing him that his state habeas corpus application had been denied.

The district court overruled Coker's objections, accepted the magistrate judge's report and recommendations, and dismissed the case. Coker timely appealed. The district court denied Coker's motion to proceed in forma pauperis on appeal and denied his request for a COA.

This Court granted Coker a COA solely on the issue of whether the limitations period should have been equitably tolled because he did not receive notice of the denial of his state habeas corpus application. Coker v. Dretke, No. 05-10020, slip op. at 2 (5th Cir. June 8, 2006).

## II. STANDARD OF REVIEW

This Court reviews the denial of equitable tolling for abuse of discretion. Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). "As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules, but we draw on general principles to guide when equitable tolling is appropriate." Id.

## III. DISCUSSION

A. Period of Limitation for Filing § 2254 Habeas Applications

Generally, a state prisoner must file a § 2254 habeas corpus application within one year of the date that his judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The time during which a properly filed application for state habeas relief or other collateral review is pending, however, is not counted

toward the limitations period. § 2244(d)(2); see also Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998).

The judgment against Coker became final on May 9, 2000, after the expiration of the ninety-day period for filing a petition for writ of certiorari with the Supreme Court. See SUP. CT. R. 13.1. Accordingly, Coker had one year from May 9, 2000 in which to file a § 2254 petition. He allowed approximately 162 days to pass before he filed his state habeas corpus application on October 19, 2000. The federal limitation period was tolled approximately three months while Coker's state habeas application was pending, from October 19, 2000 until January 31, 2001, the date that the TCCA denied his application without written order. Coker had until mid-August 2001 to file a § 2254 petition. Because he did not file his § 2254 petition until September 2003, the district court dismissed the petition as time-barred. Coker argues that because he did not receive notice of the TCCA's January 31, 2001 denial of his state habeas corpus application until December 11, 2003, the federal limitation period should have been equitably tolled until the date he actually received notice of the denial.

B. Equitable Tolling

The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." United States v. Patterson, 211 F.3d 927, 928 (5th Cir. 2000).[1] The doctrine "applies principally where the plaintiff

---

[1] The government argues that the recent Supreme Court holding in Bowles v. Russell, 127 S.Ct. 2360 (2007), removes our jurisdiction in this case. We disagree. The Court in Bowles prohibited courts from creating equitable exceptions to jurisdictional requirements, such as the time for filing a notice of appeal. Id. at 2366. This Circuit does not view the AEDPA limitations period as a jurisdictional bar. We wrote:

> A plain reading of the language of [28 U.S.C.] § 2244, which contains the AEDPA limitations period, leads to the conclusion that Congress intended that the limitations period be interpreted as a statute of limitations. The limitations period does not speak in jurisdictional terms and does not explicitly refer to any limitations on jurisdiction. . . .
>
> . . . When Congress amended the habeas corpus provisions by enacting

is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks omitted). "'[E]xcusable neglect' does not support equitable tolling." Ott v. Johnson, 192 F.3d 510, 513–14 (5th Cir. 1999). We have established that a statute of limitations should be tolled if a petitioner, exercising due diligence, could not timely uncover essential information that was predicate to his claim. See Pacheco v. Rice, 966 F.2d 904, 906–07 (5th Cir. 1992). "Although we have not found any cases discussing who bears the burden of proof concerning equitable tolling in the AEDPA context, we believe the [petitioner] should bear this burden." Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (5th Cir. 2000).

Coker argues that the district court erred in denying equitable tolling and dismissing his § 2254 petition as untimely. He points to his letters directed to the TCCA in June 2001 and June 2002 requesting information regarding the status of his state habeas corpus application as proof of his diligence in tracking the proceeding. He notes that he never received a response to either letter, but filed a memorandum of support for his application in June 2003 with the belief that his application was still pending. Coker indicates that he became

AEDPA, it took care to separate jurisdiction provisions from this limitations-period provision. The explicit grant of jurisdiction to the district courts relating to the habeas writ is contained in 28 U.S.C. § 2241. Congress chose to insert the AEDPA limitation amendment into § 2244, which concerns the finality of determinations and contains provisions relating to non-jurisdictional limitations, such as restraints on duplicative and frivolous litigation. . . .

. . . We hold, therefore, that the one-year period of limitations in § 2244(d)(1) of AEDPA is to be construed as a statute of limitations, and not a jurisdictional bar. As such, in rare and exceptional circumstances, it can be equitably tolled.

Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (internal quotations and citations omitted). We read nothing in Bowles that would overturn our decision in Davis. Therefore, we view Bowles to be inapposite to the case at bar.

"exhausted" with the TCCA and proceeded to file his § 2254 petition in federal court in September 2003.

Long delays in receiving notice of state court action may warrant equitable tolling. See Phillips, 216 F.3d at 511 ("[W]e conclude that the [four-month] delay in receiving notification . . . could qualify for equitable tolling.); Fisher, 174 F.3d at 715 (finding that a delay in receiving information for "months and months" may qualify for equitable tolling). In addition to the requirement that Coker show a "substantial" delay in receiving notice of the denial of a state habeas corpus application, to qualify for equitable tolling, he must also have "pursued the [habeus corpus relief] process with diligence and alacrity" after receiving that notification. Phillips, 216 F.3d at 511.

1. When did Coker receive notice of TCCA's denial of his state habeas corpus application?

The district court did not make a finding of fact regarding Coker's alleged non-receipt of notice of the denial of his state habeas application. The record contains no evidence that refutes Coker's claim that he failed to receive notice, and in its brief, the government stops just short of conceding this point.[2] The only record document that apprises Coker of the January 2001 state habeas application denial is a letter from the TCCA dated December 5, 2003.[3]

---

[2] The government makes no argument refuting Coker's position that he did not receive notice of the denial, but instead argues that Coker was not diligent in pursuing habeas corpus relief. The government presented excerpts from a prison incoming mail log, indicating that Coker received two pieces of mail from the State Counsel of Offenders dated February 13, 2001 and March 14, 2001. He received nothing from the Texas Court of Criminal Appeals. This log, therefore, is nondispositive and does not refute Coker's sworn statements.

[3] The first time Coker may have become aware that his state habeas corpus application was denied was when he received the government's preliminary response to his § 2254 petition. Coker filed his § 2254 petition on September 22, 2003. On September 26, 2003, the magistrate judge issued an order noting the possibility of a time bar pursuant to 28 U.S.C. § 2244(d). The magistrate judge directed the government to provide a preliminary response within sixty days to identify the date that Coker's state habeas corpus application was denied and to discuss whether the § 2254 petition should be time-barred. On November 20, 2003, the government provided a preliminary response, in which it indicated that Coker's application had been denied

Although we have remanded other cases for an evidentiary hearing regarding the date that a petitioner first received notice of the denial of a state habeas corpus application, see id., we decline to do so here. An evidentiary hearing would likely reveal nothing more than the record presently indicates and would waste judicial time and resources. Instead, we conclude from the record that TCCA did not notify Coker of its denial of his state habeas corpus application until December 2003.

2. Has Coker shown that he was diligent in pursuing habeas corpus relief?

The government asserts that Coker has not shown that he was diligent in pursuing habeas corpus relief, pointing to his delay in filing his state habeas corpus application following the TCCA's denial of his petition for discretionary review and the fact that he did not seek assistance from the State Counsel of Offenders, an organization providing legal assistance to indigent offenders, to assess the status of his application. The government also contends that he could have either filed a writ of mandamus to compel the resolution of the state application or filed his § 2254 petition and argued that exhaustion of remedies was futile. Considering the record before us, we do not find these arguments to be persuasive.

The record shows that the TCCA refused Coker's petition for discretionary review on February 9, 2000. Coker did not seek a writ of certiorari from the Supreme Court. Therefore, his conviction become final on or about May 9, 2000, the date of the expiration of the time for seeking direct review, and the one-year limitations period for filing a federal habeas corpus petition began to run. See Roberts v. Cockrell, 319 F.3d 690, 694–95 (5th Cir. 2003). Coker filed his state

---

without written order on January 31, 2001. The government further argued that Coker should be denied equitable tolling because he failed to pursue habeas corpus relief diligently. Fifteen days later, on December 5, 2003, the TCCA sent an official letter to Coker, informing him that his state application had been denied in January 2001.

application for post-conviction relief on October 19, 2000, after approximately 162 days of the limitations period had passed.

Coker's delay of approximately 162 days before filing for state habeas corpus relief is substantially shorter than the delay of the petitioner in Phillips, who allowed 286 days of the limitations period to expire before filing a state habeas corpus petition. 216 F.3d at 510–11. This Court determined that, although a significant number of days of the limitation period had passed, Phillips could qualify for equitable tolling if he could establish that he did not receive notice of the denial of his appeal. Id. at 511. Coker's delay of 162 days before filing for state habeas corpus relief does not, in itself, automatically preclude his eligibility for equitable tolling.

From the record, it appears that Coker was diligent in pursuing habeas corpus relief. He sent two letters to the TCCA inquiring about the status of his application, one dated June 12, 2001, eight months after his petition was filed and the second letter a year later, dated June 17, 2002. He also filed a supplemental memorandum in support of his state application on June 24, 2003. The government contends that these are merely self-serving statements; however, the government has not rebutted Coker's statements. The government could have provided outgoing prison mail logs, which the Texas Department of Criminal Justice possesses, to show whether Coker sent letters to the TCCA.[4] Further, the government contends that Coker's statements are bald assertions with no evidentiary value. But Coker has repeatedly made these sworn statements under penalty of perjury, which qualifies them as competent sworn

---

[4] Indeed, the magistrate judge that presided over Coker's § 2254 petition proceeding has routinely relied on prison logs to make findings of fact in habeas cases. See Presley v. Quarterman, No. 3:05-CV-2533, 2007 WL 210115, at *1 (N.D. Tex. Jan. 25, 2007); Brown v. Dretke, No. 3:02-CV-2277-P, 2006 WL 1627987, at *1 (N.D. Tex. June 12, 2006); Gray v. Dretke, No. 3-04-CV-2295-P, 2005 WL 1133860, at *3 (N.D. Tex. May 10, 2005) ("The best evidence of when petitioner deposited his writ in the prison mail system are the prison mail logs.").

testimony under 28 U.S.C. § 1746. See Hart v. Hairston, 343 F.3d 762, 764 n.1 (5th Cir. 2003). The government has never discredited Coker's statements.

This Court, however, has not previously addressed whether a prisoner has a duty to inquire about the status of state court proceedings which would affect the AEDPA's limitation period. Neither the magistrate judge nor the district court made any findings of fact regarding Coker's diligence in pursuing habeas corpus relief; in fact, the magistrate judge's report never addressed Coker's arguments for equitable tolling.[5] Therefore, we remand for the district court to conduct an evidentiary hearing regarding Coker's claim that he diligently pursued habeas corpus relief and meets the standard for equitable tolling of the federal limitations filing period for his § 2254 petition.

## IV. CONCLUSION

The judgment of the district court is REVERSED and REMANDED.

---

[5] The preliminary order of the magistrate judge, dated September 26, 2003, instructed the government to respond within sixty days regarding the date the TCCA denied Coker's application and whether Coker's § 2254 petition should be denied as untimely. The order gave Coker thirty days to reply after the government responded. Before the government responded, Coker filed a supplemental memorandum, dated November 6, 2003, which stated that his state application "has been pending continuously to this present day without a word, since October 30, 2000 before the Court of Criminal Appeals." The government responded on November 20, 2003, but before Coker could reply within thirty days per the magistrate judge's order, the magistrate judge issued his report on November 24, 2003. Afterward, the district court judge adopted the magistrate judge's report before the ten-day period for objections expired. Although the district court judge later vacated that order, giving Coker time to object, the ultimate order by the district court denying Coker's § 2254 petition as untimely did not address his arguments for equitable tolling.