IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10394
Summary Calendar
_____

CALVIN BURNETT COLEMAN,

Petitioner-Appellant,

versus

GARY L. JOHNSON, Director, Texas Department
of Criminal Justice, Institutional Division,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CV-2982-X
_____

August 3, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

In this case, Coleman appeals a district court ruling dismissing one habeas petition as time-barred and ruling against Coleman on the merits on a second habeas petition. Finding no error on the part of the district court, we affirm.

I

On November 15, 1989, Calvin Burnett Coleman, now a Texas inmate, pled guilty to two separate indictments. The first indictment charged Coleman with possession of cocaine on February 7, 1989. The second indictment charged him with

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

possession of cocaine on April 4, 1989. The trial court imposed a five-year probation term for the first offense. In 1992, however, the probation term was revoked and Coleman was sentenced to ten years in prison. Coleman apparently did not appeal.

In 1996, Coleman filed two state actions for postconviction relief, attacking his convictions as to both 1989 guilty pleas. The application challenging the conviction on the February 7 charge was stamped "filed" on October 24, 1996, while the application attacking the conviction on the April 4 charge was stamped "filed" on September 12, 1996. Both applications were purportedly signed by Coleman on September 4, 1996. In both applications, Coleman contended, <u>inter alia</u>, that his guilty pleas were invalid because he received ineffective assistance of counsel in several respects. In both cases, the trial court recommended that Coleman's applications be denied on the merits. On May 28, 1997, the Texas Court of Criminal Appeals denied both applications without written orders and without hearings.

On December 9, 1997, Coleman filed this § 2254 habeas petition in district court, challenging both 1989 guilty pleas. The petition was purportedly executed on December 3, 1997, but no certificate of service was attached. Coleman contended that the pleas were involuntarily entered due to ineffective assistance of counsel. The respondent contended that Coleman's petition was time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2244(d), even if Coleman were granted a one-year grace

2

period from April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA").

The magistrate judge recommended that Coleman's petition attacking the conviction for the February 7 offense be dismissed as time-barred. The magistrate judge reasoned that, even if the limitations period were deemed tolled by the pendency of Coleman's state postconviction application between October 24, 1996 (the date that his application was denied) and May 28, 1997 (the date it was denied), more than one year had passed between the AEDPA's effective date and the date Coleman filed his § 2254 petition.

Coleman submitted with his objections to the recommendation an affidavit in which he attested that, although his state application challenging the conviction in the February case was not stamped "filed" until October 24, 1996, it was in fact submitted for mailing to the state clerk at the same time as his other application, on September 4, 1996. The district court overruled objections by both parties and dismissed Coleman's petition with regard to the conviction in the instant case as time-barred. The court subsequently denied Coleman's petition on the merits with respect to his guilty plea on the April 4 charge. Coleman timely filed a notice of appeal.

On November 3, 1998, this court granted Coleman a COA on the issue of whether his petition challenging the conviction in the instant case was time-barred. The court called specific attention to Coleman's assertions that his submission of his state

3

postconviction application for mailing on September 4, 1996, should have tolled the limitations period for filing his § 2254 petition from that date, rather than from October 24, 1996, the date the application was stamped "filed" by the Texas Court.

Coleman raises two separate issues. With respect to the habeas petition that the district court held was time-barred, Coleman argues that, because he mailed his state habeas application approximately two months before it was filed, he should be entitled to an extension of the limitations period under § 2244(d)(1). The second issue raised by Coleman is whether the district court erred in ruling against him on the merits with respect to his second habeas petition. We address each argument in turn.

A

Coleman contends that the district court erred in dismissing his challenge to his conviction in the instant case as being barred by the one-year limitations period. He again asserts that he signed his state postconviction action challenging that conviction on September 4, 1996. Coleman contends that, under the "mailbox rule" of Houston v. Lack, 487 U.S. 266 (1988), his state application should have been deemed filed on that date rather than on October 24, 1996, the date it was stamped "filed." Anticipating that the respondent will contend that only state rules should govern the filing dates of state applications, Coleman contends that, under Tex.R.Civ.P. 5, such filing is governed by a "legible postmark," which in his own case shows a filing date of September 5, 1996. For the first time, Coleman also maintains that the tolling period should be similarly extended on the opposite side of the period during which his state application was pending:

he asserts that, although the Texas Court of Criminal Appeals denied his state postconviction application on May 28, 1997, he did not receive notice of the denial until June 10, 1997.  He argues that these days should be added to the tolling period as well, as such delay is "beyond a prisoner's control."

Under the amended § 2244(d),

(1) [a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Moreover, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  § 2244(d)(2).

6

A habeas petitioner whose claims otherwise would have been time-barred because the limitations period would have expired before the effective date of AEDPA have a grace period until April 24, 1997, to file their habeas petitions. Flanagan v. Johnson, 154 F.3d 196, 201-02 (5th Cir. 1998). We apply the statutory tolling provision of § 2244(d)(2) to filings that were not timely under the grace period. See Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998).

Under the "mailbox rule," a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court. Spotville v. Cain, 149 F.3d 374, 376-78 (5th Cir. 1998) (relying on Houston v. Lack and its progeny). Under Spotville, Coleman's § 2254 petition was "filed" sometime between December 3, 1997, when he signed the petition, and December 9, 1997, when it was received in district court. Accordingly, it was filed approximately 223 to 228 days beyond April 24, 1997, the date that this court has held to be the final day of the one-year grace period. The question before the district court was whether the pendency of the Coleman's state application tolled the limitations period for a sufficient time to render his § 2254 petition timely.

Both parties' contentions are based on the "mailbox rule" promulgated by the Supreme Court in Houston v. Lack. Houston itself is concerned only with the 30-day deadline for filing a notice of appeal in Fed.R.App.P. 4(a)(1); a notice of appeal

7

submitted by a <u>pro se</u> prisoner is deemed filed as of the moment it is delivered to prison officials for mailing to the clerk.  <u>See</u> <u>Houston</u>, 487 U.S. at 268-69.  We have since extended the mailbox rule to the filing deadlines for various documents by <u>pro se</u> litigants under specific federal rules and statutes.  <u>See, e.g.</u>, <u>Cooper v. Brookshire</u>, 70 F.3d 377, 379-80 (5th Cir. 1995) (mailbox rule applies to filing of civil complaint under Fed.R.Civ.P. 5(e)); <u>Thompson v. Raspberry</u>, 993 F.2d 513, 515 (5th Cir. 1993) (filing of written objections to magistrate judge's recommendation under Fed.R.Civ.P. 72(b)); <u>Spotville</u>, 149 F.3d at 378 (for purpose of determining whether the AEDPA applies, habeas petition is deemed filed when it is delivered to prison authorities for mailing). Coleman asks us to extend <u>Houston</u> far beyond these holdings: He asserts that, in the context of addressing whether the pendency of a state postconviction application has tolled the one-year limitations period of § 2244(d)(2), a federal district should apply the "mailbox rule" to filing of postconviction applications in <u>state</u> court.  Unlike this court's prior extensions of <u>Houston</u>, such a ruling would require us to interpret state rules of filing and to address the filing systems of state courts.[1]

We decline to extend the mailbox rule to the determination of filing dates for state habeas applications.  Instead, when a prisoner asserts that his ability to file a federal habeas petition

---

[1]As suggested by the respondent, postconviction proceedings in Texas are governed by criminal rule, <u>see</u> Tex.R.Crim.P. art. 11.07, not the civil rule cited by Coleman.

8

has been affected by a state proceeding, we will examine the facts to determine whether the prisoner is entitled to equitable tolling under § 2244(d)(1).

In this case, Coleman's pro se brief is entitled to liberal construction. Humphrey v. Cain, 120 F.3d 526, 530 n.2 (5th Cir. 1997). We may therefore liberally construe Coleman's Houston v. Lack argument to be a contention that his submission for mailing of his application attacking the conviction in the February case on September 4, 1996, entitles him to equitable toling of the limitation period of § 2244(d)(1). The one-year limitations provision "does not operate as a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled." Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998), cert. denied, 119 S.Ct. 1474 (1999).

The district court in Davis had granted a death row habeas petitioner several extensions between February 1997 and May 1998 to file his § 2254 petition, but then denied the petition as untimely. See id. at 808. Without formulating specific requirements for determining whether equitable tolling principles should apply in the § 2244(d) context, this court concluded that the petitioner in his COA application had made a credible showing that the district court erred in dismissing his petition as untimely. Id. at 812. Davis thus did not involve circumstances like those in Coleman's case, in which Coleman essentially contends that delays in the

9

processing of his state court postconviction application prevented him from complying with the one-year limitations period.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." Davis, 158 F.3d at 810 (citation and internal quotation marks omitted). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Rashidi v. American Presidential Lines, 96 F.3d 124, 128 (5th Cir. 1996). A "'garden variety claim of excusable neglect'" does not support equitable tolling. Id. (citation omitted).

If Coleman indeed deposited his state application with prison officials for mailing on September 4, 1996, as he asserts, and he were to be granted equitable tolling from that date until the date it was actually stamped "filed," the pendence of that application between September 4, 1996, and May 28, 1997, would have tolled the one-year limitations period for 266 days. This would have been more than sufficient to place the § 2254 claims within the one-year limitations period of § 2244(d)(1).

Documents attached by Coleman to his reply to the respondent's answer suggest that he did mail both state applications on September 4 or 5, 1996. Those documents appear to support Coleman's contention that he mailed both applications in the same envelope, but that the state clerk mistakenly filed them together

10

and separately filed the application concerning the instant conviction only after Coleman contacted the clerk about the error approximately one month later. The respondent, the magistrate judge, and the district court failed to address any of these contentions or documents.

We nevertheless conclude, however, that Coleman is not entitled to equitable tolling. In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief. In this case, Coleman did not file his § 2254 petition until approximately six months after learning of the denial of his state postconviction application. As this court has noted, "equity is not intended for those who sleep on their rights." See Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999) (citing Covey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir. 1989)). Coleman should have attempted to expediently file his federal habeas petition upon receiving notice that his state petition had been denied. Because Coleman does not explain the six-month delay between being notified about his state application and filing his federal petition, we hold that his circumstance is not extraordinary enough to qualify for equitable tolling under § 2244(d)(1).

B

In his appellate brief, Coleman urges this court to reconsider its denial of his COA application with respect to his challenge to the April 4 charge. He asserts that the court erred in determining that his ineffective assistance of counsel claims regarding that

conviction were not adequate to deserve encouragement to proceed further.  Coleman has presented nothing in his request for reconsideration that would alter the ruling on the COA application. We therefore deny Coleman's request for reconsideration.

### III

For the foregoing reasons, we AFFIRM the ruling of the district court dismissing Coleman's habeas petition with respect to the February 7 charge as time-barred.  We further AFFIRM the district court's ruling on the merits with respect to the April 4 charge.

A F F I R M E D.