IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20446
_____

ERIC DONELL REECE,

Petitioner-Appellant,

versus

GARY L. JOHNSON, Director, Texas
Department of Criminal Justice,
Institutional Division,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-97-CV-2571)
_____

January 18, 2000

Before POLITZ, WIENER, and PARKER, Circuit Judges.

PER CURIAM [*]:

Eric Donell Reece, Texas State prisoner #479369, has moved for a certificate of appealability ("COA") to appeal the district court's dismissal of his 28 U.S.C. § 2254 federal habeas petition as barred by 28 U.S.C. § 2244(d)'s one-year statute of limitations. Reece also requests leave to proceed in forma pauperis ("IFP") on appeal.

Reece filed his § 2254 petition after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

("AEDPA"), so the AEDPA applies to his claim. See Fisher v. Johnson, 174 F.3d 710, 711 (5th Cir. 1999). Accordingly, to proceed on appeal, Reece must obtain a COA by making a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(1)&(2). As the district court denied Reece's request for habeas relief on the procedural ground of untimeliness, however, Reece must first make a credible showing that the district court erred in dismissing his petition. Sonnier v. Johnson, 161 F.3d 941, 943 (5th Cir. 1998).

Under the AEDPA, a state prisoner has one year following the date on which his conviction becomes final to file a § 2254 petition. See § 2244(d)(1)(A); Turner v. Johnson, 177 F.3d 390, 391 (5th Cir. 1999). The one-year limitations period is tolled, however, while a properly filed state habeas application is pending. See § 2244(d)(2). Furthermore, a prisoner such as Reece, whose conviction became final before AEDPA's effective date, is allowed a reasonable length of time — a grace period — during which to file his petition. Fisher, 174 F.3d at 712. One year presumptively constitutes a reasonable grace period. Id.

In determining the timeliness of Reece's § 2254 application, the district court found that he "had until April 23, 1997, to file his [§ 2254 application] unless he filed a state writ application before that date." That finding by the district court was in error, as we have held that April 24, 1997, is the last day on which a § 2254 petition regarding a conviction that became final

2

prior to the AEDPA's effective date can be timely filed. Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998).

When the district court considered whether Reece's filing of his state habeas application tolled the one-year limitations period, the court applied the mailbox rule. In so doing the court concluded that Reece's state habeas application was filed on April 16, 1997, the date it was placed in the prison mail system, rather than on April 25, 1997, the date it was filed by the clerk of court. At the time it made that decision, however, the district court did not have the benefit of our opinion in Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), in which we declined to extend the mailbox rule to the determination of filing dates for state habeas applications. Id. In Coleman we stated that "[i]nstead, when a prisoner asserts that his ability to file a federal habeas petition has been affected by a state proceeding, [this court] will examine the facts to determine whether the prisoner is entitled to equitable tolling under § 2244(d)(1)." Id. In light of Coleman's holding, therefore, the district court's application of the mailbox rule, rather than the principles of equitable tolling, to determine the filing date for Reece's state habeas application, is legal error.

Although Reece's COA motion did not specifically allege such errors, Reece did assert that state action impeded him from timely filing his § 2254 application. As his argument is based on the calculation of his limitations period and the determination of his state habeas application's filing date, Reece's COA should be

3

liberally construed as alleging the identified errors.  See <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (holding that <u>pro</u> <u>se</u> prisoner's pleadings should be liberally construed).  Reece has, therefore, made a credible showing that the district court erred in dismissing his § 2254 petition as untimely, so we grant his motion for COA.

Furthermore, because there is insufficient factual development in the record to determine whether Reece was entitled to equitable tolling prior to the filing of his state habeas application, this appeal is dismissed without prejudice and the case remanded to the district court with instructions to reconsider its decision in its entirety.  We express no opinion on the propriety of other aspects of the district court's decision.

Finally, Reece's motion for leave to proceed IFP on appeal is granted.  See <u>Jackson v. Dallas Police Dept.</u>, 811 F.2d 260, 261 (5th Cir. 1986).

COA GRANTED; IFP GRANTED; APPEAL DISMISSED; CASE REMANDED WITH INSTRUCTIONS.