IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-21054
Summary Calendar
_____

JOHNNY R. SIMMONS,

                                          Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

                                          Respondent-Appellee.
- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-1445
- - - - - - - - - - -
February 17, 2000

Before DAVIS, EMILIO M.  GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

     Johnny R. Simmons, Texas prisoner # 578087, appeals from the

district court's dismissal of his 28 U.S.C. § 2254 habeas

petition as barred by the one-year statute of limitations

contained in 28 U.S.C. § 2244(d)(1).  Simmons obtained a

certificate of appealability from this court to address whether

the one-year limitations period should be tolled under

§ 2244(d)(2) from the date that he mailed his state

postconviction application until the date that he received notice

of its denial.  Simmons' request for the appointment of counsel

is DENIED.

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

We recently declined to extend the mailbox rule to the determination of filing dates for state habeas applications. <u>Coleman v. Johnson</u>, 184 F.3d 398, 402 (5th Cir. 1999). Instead, we held that when a prisoner asserts that his ability to file a federal habeas petition has been affected by a state proceeding, this court will examine the facts to determine whether the prisoner is entitled to equitable tolling under § 2244(d)(2). <u>Id.</u>

Equitable tolling is justified in rare and exceptional cases. <u>Fisher v. Johnson</u>, 174 F.3d 710, 713 (5th Cir. 1999). The doctrine applies "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." <u>Coleman</u>, 184 F.3d at 402 (internal quote and citation omitted). "In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief." <u>Id.</u>

Simmons waited more than one month after he allegedly received notice of the denial of his state postconviction application to file the instant § 2254 petition. Under these circumstances, it was not an abuse of discretion for the district court to find that equitable tolling was not warranted. <u>See</u> <u>Ott v. Johnson</u>, 192 F.3d 510, 513 (5th Cir. 1999). Accordingly, the judgment of the district court is AFFIRMED.

AFFIRMED. MOTION DENIED.