Gary P. KLOPP, Petitioner–Appellant,

v.

Jeffrey WOLFE, Warden, Respondent–Appellee.

No. 00–4178.

United States Court of Appeals, Sixth Circuit.

April 30, 2001.

445

Before RYAN and BATCHELDER, Circuit Judges; MATIA, Chief District Judge.*

*ORDER*

Gary P. Klopp appeals a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1985, an Ohio jury convicted Klopp of robbery, breaking and entry, burglary, and receiving stolen property, and the trial court sentenced him to 6 to 35 years of imprisonment. In January 1996, Klopp was released on parole; however, his parole subsequently was revoked on June 24, 1998. On December 16, 1999, Klopp filed his § 2254 habeas petition, alleging that the Ohio Adult Parole Authority violated his constitutional rights when it revoked his parole. The district court concluded that Klopp's petition was barred by the applicable statute of limitations and dismissed the petition. The court subsequently denied Klopp's motion for reconsideration. The court did grant Klopp a certificate of appealability on the issue of whether his petition was barred by the statute of limitations. In this timely appeal, Klopp moves for the appointment of counsel.

* The Honorable Paul R. Matia, United States Chief District Judge for the Northern District of Ohio, sitting by designation.

■ Upon review, we conclude that the district court properly dismissed Klopp's habeas petition as barred by the applicable statute of limitations. This court reviews de novo the district court's determination that the petition was filed outside of the applicable statutory limitations period. *Tolbert v. State of Ohio Dep't of Transp.*, 172 F.3d 934, 938 (6th Cir.1999).

■ Klopp did not timely file his § 2254 petition. Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner has one year from the date on which the judgment becomes final to file for federal habeas relief. *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir.1999), *cert. denied*, 530 U.S. 1210, 120 S.Ct. 2211, 147 L.Ed.2d 244 (2000). Under Ohio Admin. Code § 5120:1–1–18(B), a parole revocation becomes final when a hearing officer for the Ohio Adult Parole Authority determines that the defendant violated the conditions of his release and, therefore, the revocation sanction should be imposed. In Klopp's case, it is undisputed that the hearing officer revoked his parole on June 24, 1998. While Klopp argues that a post-revocation hearing held in November 1998 actually represented the final decision concerning his parole, Klopp provides no evidence concerning this hearing's subject matter, and Ohio law clearly provides that his parole revocation became final at the time of the June 1998 decision. As noted above, Klopp did not file his § 2254 petition until December 16, 1999.

■ Klopp argues that his § 2254 petition is timely because two state post-conviction petitions tolled the statute of limitations. Section 2244(d)(2) provides that the time during which a properly filed state post-conviction petition is pending does not count toward any period of limitations. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir.2000). An application is "properly filed" when its delivery and acceptance by the court are in compliance with the state laws and rules governing filings. *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000). After a little more than five months had passed since his parole revocation became final, Klopp filed a petition for a writ of mandamus with the Ohio Supreme Court on December 1, 1998; that court dismissed the petition on February 3, 1999. The statutory period then ran for approximately another three months before Klopp filed a petition for a writ of habeas corpus with the Ohio Supreme Court on April 27, 1999. The court dismissed that petition on May 26, 1999. By this time, the statutory period had run for approximately eight months, and Klopp had until late-September 1999 to file his § 2254 petition. His December 16, 1999, filing date was well past this deadline.

■ Klopp argues that, even if his habeas petition is untimely, the statute of limitations should be equitably tolled. The doctrine of equitable tolling can preserve a petitioner's § 2254 claims when strict application of the § 2244 statute of limitations would be inequitable. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998). Equitable tolling applies when the petitioner is prevented in some extraordinary way from asserting his rights. *See Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999); *Coleman*, 184 F.3d at 402. In order for equitable tolling to apply, the petitioner must diligently pursue § 2254 relief. *See Miles*, 187 F.3d at 1107; *Coleman*, 184 F.3d at 403; *Miller*, 141 F.3d at 978. The doctrine of equitable tolling is not applicable in this case because Klopp did not diligently pursue federal habeas relief.

Accordingly, this court denies Klopp's motion for the appointment of counsel and

affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.