Ronald JACKSON, Petitioner–Appellant,

v.

Michael RANDLE, Warden, Respondent–Appellee.

No. 00–4441.

United States Court of Appeals, Sixth Circuit.

June 20, 2001.

Before KEITH, SILER, and CLAY, Circuit Judges.

Ronald Jackson, an Ohio prisoner proceeding pro se, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On August 24, 1995, Jackson entered a no contest plea to three counts of rape. On September 14, 1995, the trial court found Jackson guilty of the three counts and sentenced him to an indefinite term of eight to twenty-five years for each count, with the sentence for counts one and two running consecutively to each other and the sentence for count three running concurrently to the other counts. In May 2000, Jackson filed his § 2254 habeas petition, challenging whether or not his plea was voluntarily and knowingly given, the effectiveness of his counsel, the multiplicity of the counts with which he was charged and the multiplicity of the sentences imposed. The district court concluded that Jackson's petition was barred by the applicable statute of limitations and dismissed the petition. The court did grant Jackson a certificate of appealability on the issue of whether his petition was barred by the statute of limitations. Jackson has filed a timely appeal.

■ Upon review, we conclude that the district court properly dismissed Jackson's habeas petition as barred by the applicable statute of limitations. This court renders de novo review of the district court's determination that the petition was filed outside of the applicable statutory limitations period. *See Harris v. Stovall,* 212 F.3d 940, 941 (6th Cir.), *petition for cert. filed* (U.S. Oct. 2, 2000) (No. 00–8185). The Antiterrorism and Effective Death Penalty Act states that a "1 year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute of limitations begins to run from the latest of four circumstances, one of which is the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year statute of limitations is tolled, however, during the pendency of any prop-

erly filed post-conviction proceedings. *See* 28 U.S.C. § 2244(d)(2).

■ Jackson's conviction became final on March 18, 1997, when the 90–day period expired for filing a petition for a writ of certiorari to the United States Supreme Court from the Ohio Supreme Court's December 18, 1996 entry dismissing Jackson's direct appeal. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir.2000); *Isham v. Randle*, 226 F.3d 691, 694–95 (6th Cir.2000), *cert. denied*, 531 U.S.1201, 121 S.Ct. 1211, 149 L.Ed.2d 124 (2001) (No. 00–8222). If nothing tolled Jackson's statute of limitations, the last day on which he could have filed for habeas relief would have been March 18, 1998. Jackson, however, did not file his petition for habeas relief with the district court until May 3, 2000.

Even if we assume that Jackson's state court filings following his direct review were properly filed applications for collateral relief, the habeas petition is still time-barred. When Jackson's conviction became final on March 18, 1997, Jackson had pending an appeal to the Ohio Supreme Court related to his post-conviction petition filed on June 26, 1996 in the trial court. The Ohio Supreme Court dismissed the appeal on April 23, 1997. Accordingly, the limitations period was tolled from March 18, 1997 until April 23, 1997. The limitations period ran for approximately sixteen days from April 23, 1997 until May 9, 1997, when Jackson filed his motion to withdraw his no contest plea. The period was once again tolled until August 15, 1997, when the Ohio Court of Appeals dismissed Jackson's appeal concerning the trial court's ruling on his motion to withdraw his plea. The limitations period ran for approximately seven and one-half months from August 15, 1997 until March 27, 1998, when Jackson moved for an order on his motion to withdraw his plea and motions concerning a sexual predator status. The period was tolled from March 27, 1998 until June 30, 1999, when the Ohio Supreme Court denied Jackson's motion for a delayed appeal from the Ohio Court of Appeals decision concerning Jackson's motion to withdraw his plea and motions concerning sexual predator status.

At that point, the limitations period had run for approximately eight months and Jackson therefore had four more months or until late October 1999 in which to file his federal habeas corpus petition. Jackson did not file the instant petition until May 2000, over six months too late. Accordingly, even when all of Jackson's state court filings are construed as "properly filed" applications for state post-conviction relief, the habeas petition is time-barred.

■ Jackson has not shown that equitable tolling principles should apply to permit review of his time-barred claims for habeas corpus relief. The doctrine of equitable tolling can preserve a petitioner's § 2254 claims when strict application of the § 2244 statute of limitations would be inequitable. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998). Equitable tolling applies when the petitioner is prevented in some extraordinary way from asserting his rights. *See Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999); *Coleman*, 184 F.3d at 402. In order for equitable tolling to apply, the petitioner must diligently pursue § 2254 relief. *See Miles*, 187 F.3d at 1107; *Coleman*, 184 F.3d at 403; *Miller*, 141 F.3d at 978. Jackson has not alleged, and the record does not reflect, any extraordinary circumstances to warrant equitable tolling here.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.