IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 00-20930

RICHARD KENT MILLER,

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

Appeal from the United States District Court
For the Southern District of Texas
(H-97-CV-3391)

July 11, 2002

Before HIGGINBOTHAM, JONES, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Prisoner Richard Kent Miller appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as time-barred under the one-year limitations period of 28 U.S.C. § 2244(d). Miller was convicted of aggravated sexual assault and sentenced to life imprisonment in 1992. On March 3, 1994, his conviction was affirmed by an intermediate state appellate court. The Texas Court of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Criminal Appeals refused a petition for discretionary review on June 29, 1994.

Because Miller's conviction became final prior to the AEDPA's effective date of April 24, 1996, his petition was timely if it was filed before the one-year grace period expired on April 24, 1997.[1] Six days before this deadline, on April 18, 1997, Miller delivered a state habeas application to prison officials for mailing. The application was postmarked on April 19, was received by the clerk's office on April 22, and was filed in the Harris County District Court on May 5. Thus Miller filed his state petition eleven days after the expiration of the one-year grace period.

The Texas Court of Criminal Appeals denied Miller's state petition on September 22, 1997, but Miller did not receive the court's notice until October 2. He filed his § 2254 petition on October 2, the same day that he received notice that his state habeas application had been denied but ten days after the denial of his state petition. The Director moved to dismiss Miller's petition as time-barred, and the district court initially denied the motion even though Miller's state petition was untimely filed. Later the district court granted the motion in light of this court's intervening decision in *Coleman v. Johnson*,[2] in which we refused to extend the "mailbox rule" to the filing of state habeas

---

[1] *Flanagan v. Johnson*, 154 F.3d 196, 199-200, 202 (5th Cir. 1998).

[2] 184 F.3d 398 (5th Cir. 1999).

applications. Miller appealed, and we granted Miller a Certificate of Appealability to determine whether equitable tolling should apply to preserve his claims.

Despite the fact that Miller's state petition was filed eleven days after the expiration of the grace period on April 24, 1997, he asks us to apply equitable tolling because he exercised diligence in seeking § 2254 relief once state habeas relief proved unsuccessful and because the state clerk did not file-stamp his state habeas application until thirteen days after it was received.

The limitations period of § 2244(d), including the one-year grace period, is subject to equitable tolling "in rare and exceptional circumstances."[3] The doctrine of equitable tolling preserves a petitioner's claims "when strict application of the statute of limitations would be inequitable."[4] A district court's refusal to invoke the doctrine of equitable tolling is reviewed only for abuse of discretion.[5]

The district court relied upon our decision in *Coleman* to dismiss Miller's petition, and our holding in *Coleman* governs the result here. Miller's state petition was filed eleven days after the end of the grace period, and is thus untimely even though he

---

[3] *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998).

[4] *Davis*, 158 F.3d at 810 (internal quotations and citations omitted).

[5] *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999).

delivered the petition to prison officials for mailing six days before the deadline. Miller correctly points out that although we declined to extend the mailbox rule to the determination of filing dates for state habeas applications—partly because doing so would require us to interpret state rules of filing and to address the filing systems of state courts[6]—we explicitly stated that when a prisoner's ability to file a federal habeas petition has been affected by a state proceeding, we would examine the facts and determine whether the prisoner was entitled to equitable tolling.[7]

Nonetheless, we do not that find that the district court abused its discretion in refusing to apply equitable tolling in this case. The application of our rule in *Coleman* is not itself a "rare and exceptional circumstance[]"[8] sufficient to justify the application of equitable tolling. Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."[9]

We recognize that the state's decision to notify Miller of the denial of his state petition via the mail may have precluded him

---

[6] *Coleman*, 184 F.3d at 402.

[7] *Id.*

[8] *Davis*, 158 F.3d at 811.

[9] *Ott*, 192 F.3d at 512 (*quoting Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).

from filing the instant petition until eleven days after the state petition was denied, but his state petition was itself filed eleven days after the April 24, 1997 deadline. While we recognize that the April 24 deadline was judicially crafted, Miller nonetheless waited almost three years after his conviction became final to file his state petition. As this court has noted, "equity is not intended for those who sleep on their rights."[10]

We cannot apply equitable tolling in every circumstance where the application of *Coleman* renders a state petition untimely. The application of a rule is not a rare or exceptional circumstance justifying equitable tolling, and thus we find no error in the district court's decision not to apply the doctrine of equitable tolling in this case. Because equitable tolling does not apply, the judgment appealed is AFFIRMED.

---

[10] *Coleman*, 184 F.3d at 403 (*quoting Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999)).