United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41189
Conference Calendar

_____

JIMMY LYNN KESTLER,

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:01-CV-71
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jimmy Lynn Kestler, Texas prisoner no. 888630, appeals the

dismissal, as untimely, of his 28 U.S.C. § 2254 federal habeas

application.

Kestler argues that his conviction did not become final

until 60 days later than calculated by the district court because

he filed a motion for a new trial in state court. Kestler's

new-trial motion did not extend the appeal period or postpone the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

finality of his conviction because the motion was filed more than 30 days after his sentence was imposed.  See TEX. R. APP. P. 21.4, 26.2(a)(2); see also Roberts v. Cockrell, 319 F.3d 690, 693-94 (5th Cir. 2003) (looking to state law to determine when direct appeal no longer available).

Kestler argues that his state habeas application should have been deemed filed when he mailed it rather than when it was actually filed in the state-court record.  The "mailbox rule" Kestler seeks to apply does not apply to the filing date of a state habeas application.  Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999).  Moreover, the delay between the mailing and the filing of the state habeas application is immaterial under an equitable-tolling analysis because the additional suspension of the limitation period would still leave his federal application untimely.  See id. (prescribing equitable-tolling analysis).  In addition, the mailbox rule as applicable to the filing of his federal application would not render the application timely even were we to accept Kestler's assertions as to the date of mailing.

The judgment of the district court is AFFIRMED.