IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 6, 2008

Charles R. Fulbruge III
Clerk

No. 06-60867

DAVID LEE HAYES

Petitioner - Appellant

v.

MICHAEL WILSON

Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
No. 2:03-CV-323

Before KING, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

After being convicted of felony escape and sentenced to five years'
imprisonment, petitioner-appellant David Lee Hayes filed a federal habeas
petition, which was subsequently dismissed as time-barred. The district court
granted Hayes a certificate of appealability on one issue: "whether the instant
petition for a writ of habeas corpus was rendered timely due to equitable tolling
triggered by the state court's repeatedly misfiling the petitioner's appellate and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

state post-conviction pleadings." We answer in the negative and AFFIRM the judgment of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner-appellant David Lee Hayes was convicted by a jury of statutory rape and was sentenced in February 2000 to life imprisonment without the possibility of parole as a habitual offender. Hayes was subsequently convicted in a separate trial of felony escape and was sentenced on March 28, 2000, to five years of imprisonment, with the sentence to run consecutively to his previously-imposed sentence.

Hayes's rape conviction was affirmed by the Mississippi Court of Appeals on March 27, 2001, Hayes v. State, 803 So.2d 473, 479 (Miss. Ct. App. 2001), and his conviction for felony escape was affirmed on December 11, 2001, Hayes v. State, 801 So.2d 806, 812 (Miss. Ct. App. 2001). Hayes did not seek certiorari or discretionary review from the Mississippi Supreme Court or petition for certiorari in the United States Supreme Court. However, Hayes sought state post-conviction relief for both convictions.

On April 27, 2001, Hayes filed his first state application for post-conviction relief challenging his rape conviction. That application was withdrawn, but Hayes re-filed the application and, in July 2001, moved to amend the application in order to raise two additional issues related to the rape conviction.

On January 28, 2002, Hayes filed the application for post-conviction relief that is central to the instant appeal. Although Hayes identified the conviction at issue as his escape conviction, the facts presented in support of the motion related to his rape conviction. On the same date, Hayes also filed a "Brief in Support of Motion for Post-Conviction Collateral Relief." In it, Hayes argued that he could not be properly convicted of escape because his arrest on the rape charge was unlawful, and he was therefore not lawfully detained at the time of his escape. Hayes placed the trial court number for the escape case as the cause

number on his "Brief in Support," but the clerk's office put the appellate court case number that corresponded to his earlier-filed post-conviction application for the rape conviction on the brief and filed it under that case number. Hayes's January 28, 2002, application and the "Brief in Support" were both misfiled under the cause number assigned to the rape conviction case, 2001-CV-0676.

The Mississippi Supreme Court denied Hayes's January 28, 2002 application on March 18, 2002. In July 2002, Hayes moved to supplement his "Brief in Support," but his request was dismissed as moot on August 12, 2002, in light of the March order. On August 23, 2002, Hayes submitted a letter to the Mississippi Supreme Court in which he asserted that the court incorrectly dismissed his July 2002 request to supplement his brief. Hayes contended that the application and "Brief in Support" challenged his escape conviction, not the rape conviction. The Mississippi Supreme Court construed Hayes's letter as a motion for rehearing, which it denied on October 9, 2002.

In September 2002, Hayes filed a 28 U.S.C. § 2254 petition challenging his escape conviction, which although initially deemed to be successive, was later reinstated.

On March 12, 2003, in an "Order Affording Petitioner an Opportunity to Amend," the magistrate judge (the "MJ") found that Hayes had failed to exhaust his state remedies on three of the five claims raised in the § 2254 petition. The MJ further informed Hayes that § 2244(d)'s one-year statute of limitations for seeking federal habeas relief had expired, and that the pendency of the § 2254 petition would not toll the limitations provisions under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). See Duncan v. Walker, 533 U.S. 167, 181–82 (2001). Although the MJ was under no obligation to assist Hayes in maintaining a viable federal habeas petition, see Pliler v. Ford, 542 U.S. 225, 233 (2004), the MJ warned Hayes that if the case were dismissed in its entirety at that time, he would be barred access to any federal court following completion

3

of state court post-conviction proceedings, as the next federal petition would be untimely. As such, the MJ granted Hayes until April 4, 2003 to amend his petition by removing the unexhausted claims and proceed to the merits on the remaining claims. Rather than amending his petition, Hayes moved to dismiss the petition so that he could exhaust his state court remedies. The district court granted the motion and dismissed the petition on March 31, 2003.

On April 16, 2003, Hayes filed another state application for post-conviction relief challenging his escape conviction. On August 14, 2003, the Mississippi Supreme Court denied the application, finding that it had "previously denied a similar application and that the present application is barred pursuant to MISS. CODE ANN. § 99-39-27(9)." The court denied rehearing on September 9, 2003.

On September 22, 2003, Hayes filed the instant § 2254 petition challenging his escape conviction. In it, he asserted the following grounds for relief: (1) the testimony of one of the officers was based on hearsay; (2) the trial court erred in denying his motion for a directed verdict; and (3) his counsel was ineffective for failing to challenge the legality of his rape arrest and failing to obtain a transcript of the grand jury proceedings.

On January 23, 2004, the MJ recommended that Hayes's § 2254 petition be dismissed as untimely pursuant to § 2244(d). The MJ found that Hayes's April 16, 2003, state application was filed after the expiration of the limitations period and consequently did not toll the limitations period under § 2244(d)(2). The MJ also concluded that there were no rare and exceptional circumstances to justify equitable tolling. Hayes filed objections to the MJ's report and recommendation, asserting that he was misled by the state court's errors into believing that the limitations period may have been tolled, so he should be entitled to equitable tolling.

After conducting a de novo review, the district court overruled Hayes's objections, adopted the MJ's report and recommendations, and dismissed

4

Hayes's petition as untimely. Hayes filed a motion for reconsideration in which he argued that he "actively and consistently attempted to get his claims before the Mississippi Supreme Court and [f]ederal [c]ourt within the allotted time, in order to preserve his claims for habeas relief." The district court construed the motion as a Rule 60(b) motion, which it denied. The district court also denied Hayes a certificate of appealability ("COA") and denied him leave to proceed in forma pauperis.

Subsequently, we granted Hayes a COA and vacated and remanded, specifically noting that it could not be ascertained from the record whether Hayes's January 2002 state post-conviction application challenged the rape conviction or the escape conviction, but that the Mississippi Supreme Court nonetheless dismissed Hayes's 2003 application as successive. We reasoned that if the January 2002 state application was in fact a challenge to the escape conviction, Hayes would be entitled to tolling for the time the application was pending. We granted a COA on the following issues: (1) whether Hayes's 2002 post-conviction application was interpreted by the state courts as a challenge to his escape conviction; (2) whether Hayes was entitled to tolling for any time that such an application was pending; and (3) whether Hayes's § 2254 petition has been rendered timely by any such tolling.

On remand, the district court found that Hayes's January 2002 state application had been construed by the state courts as a challenge to his rape conviction and did not toll the § 2244 limitations period applicable to Hayes's escape conviction. The district court further concluded that because Hayes's escape conviction became final on December 26, 2001, Hayes had until December 26, 2002 to file his § 2254 petition, absent tolling. Thus Hayes's § 2254 petition, which was not filed until September 22, 2003, was untimely.[1] Additionally, the

---

[1] The district court further noted that even if the limitations period were tolled from January 28, 2002 (the date Hayes filed the application and "Brief in Support"), until October

district court noted that even if equitable tolling applied, Hayes failed to diligently pursue habeas relief by waiting six months from the date the state supreme court denied his motion for rehearing before filing a state post-conviction application for relief from his escape conviction.

Hayes filed a timely notice of appeal and moved for a COA. The district court granted Hayes a COA on one issue: "whether the instant petition for a writ of habeas corpus was rendered timely due to equitable tolling triggered by the state court's repeatedly misfiling the petitioner's appellate and state post-conviction pleadings."

## II. DISCUSSION

The decision of a district court to deny a habeas application on procedural grounds is reviewed de novo. Larry v. Dretke, 361 F.3d 890, 893 (5th Cir. 2004). However, we review a district court's decision to deny equitable tolling for abuse of discretion, id. at 897, and its factual findings for clear error. Alexander v. Cockrell, 294 F.3d 626, 628 (5th Cir. 2002).

AEDPA establishes a one-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). A habeas petitioner has one year from the date that his conviction becomes final in which to file. § 2244(d)(1)(A); see also Roberts v. Cockrell, 319 F.3d 690, 694–95 (5th Cir. 2003). The limitations period is tolled, however, while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2).

---

9, 2002 (the date the Mississippi Supreme Court denied Hayes's motion for rehearing), Hayes's § 2254 petition would have still been untimely because the limitations period would have been tolled for 257 days and would have expired on September 9, 2003, and he filed on September 22, 2003. However, the district court failed to recognize that, under that scenario, Hayes's April 16, 2003 state application for post-conviction relief challenging his escape conviction would have been timely, further tolling the limitations period under AEDPA from April 16 to the state court judgment on August 14, 2003. As such, the instant petition would not be time-barred.

6

Additionally, the one-year statute of limitations is subject to equitable tolling, but only in "rare and exceptional circumstances." Felder v. Johnson, 204 F.3d 168, 170–71 (5th Cir. 2000) (internal quotation marks and citation omitted). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Id. at 171 (internal quotation marks and citation omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006). As the Supreme Court recently stated, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The petitioner has the burden of establishing that he is entitled to equitable tolling. See Alexander, 294 F.3d at 629. We "must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." Id.

Hayes contends that he is entitled to equitable tolling because he was misled by the state court when it erroneously filed his motion and supporting briefs for post-conviction relief from his escape conviction in the file for his post-conviction relief for his rape case.

The State concedes that there clearly was confusion in the state court and agrees with the district court's conclusion that the state's "'repeated mischaracterizations' of Hayes's pleadings prevented those pleadings from being filed as Hayes intended." However, the State attributes some of the confusion to the overlapping arguments raised by Hayes in his state applications. Further, the State contends that even if the confusion warranted equitable tolling, the district court did not abuse its discretion in holding that Hayes is not entitled to

7

equitable tolling because Hayes did not diligently pursue his rights by waiting six months from the date that the state court denied him a rehearing to file his state application challenging his escape conviction.

We have previously denied equitable tolling when a state clerk mistakenly filed the petitioner's two separate applications for state habeas relief together, overlooking one claim, and did not correct the error until the petitioner contacted the clerk about the error one month later. Coleman v. Johnson, 184 F.3d 398, 402–03 (5th Cir. 1999). In that case, the petitioner waited six months from the time his state application was denied before he filed his federal application. Id. We held that equitable tolling did not apply because the petitioner did not explain his six month delay and that delay, combined with the clerk's error, did not constitute extraordinary circumstances sufficient to find the district court abused its discretion in denying equitable tolling. Id. at 403. Similarly, in Melancon v. Kaylo, 259 F.3d 401, 408 (5th Cir. 2001), we denied equitable tolling because the petitioner waited just over four months between learning that his state petition had been denied and filing his federal petition and thus failed to show extraordinary circumstances because he did not diligently pursue his rights. In contrast, the petitioner in Phillips v. Donnelley, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000), moved for an out-of-time appeal within three days of allegedly receiving notice of the denial of his state court application and had filed his federal habeas petition within one month of the denial of the out-of-time appeal. We determined that Phillips was entitled to equitable tolling because he had acted "with diligence and alacrity" in pursuing relief. Id.

In this case, similar to the petitioners in Coleman and Melancon, Hayes waited six months from the date the state court denied him a rehearing before filing his second state application challenging his escape conviction. In light of this delay, the district court concluded Hayes had not diligently pursued post-

conviction relief for his escape conviction. However, the district court failed to consider that Hayes, in contradistinction to the petitioners in Coleman and Melancon, continued to pursue relief in one forum or another after he discovered on August 12, 2002, that the state court had misfiled his first application challenging his escape conviction.[2] Specifically, that same month, Hayes filed a letter in the state court pointing out the court's error and requesting reconsideration, and then in September, before the state court issued its October 2002 response, Hayes filed his first § 2254 petition in federal court. Thus, at the time the Mississippi Supreme Court denied Hayes's letter requesting reconsideration, construed as a motion for rehearing, the district court had not yet issued an order disposing of Hayes's § 2254 petition. The district court did not issue a ruling on the § 2254 petition until March 2003, and Hayes filed his second state application challenging the escape conviction the following month, in April 2003, which, according to AEDPA's statute of limitations, was out-of-time. On August 14, 2003, the state supreme court denied that application as successive.[3] Hayes filed the instant § 2254 petition about one month later, on September 22, 2003.

Even though Hayes did not sit on his rights, as he was continuously seeking relief in federal court after learning of the state court's error, we conclude that the district court did not abuse its discretion in denying equitable tolling. When Hayes first received knowledge of the state court's errors, he

---

[2] Hayes conceded in his application for COA that he was on notice that his first post-conviction motion, dated January 28, 2002, was not being reviewed by the state court when said court denied his request to supplement his brief as moot on August 12, 2002.

[3] Even though this new application stated that it was a challenge to the escape conviction, Hayes attached substantial documentation from his previous post-conviction case in state court on the rape conviction, thereby creating confusion as to which conviction was actually being challenged. This confusion appears to be the reason the petition was dismissed as successive. However, the case number shows that the conviction at issue was the escape conviction.

should have attempted to expediently file a second application for relief from his escape conviction in state court. Instead, Hayes waited over six months to file another state application while he pursued his federal habeas petition on unexhausted claims. It is well recognized that neither a petitioner's unfamiliarity with the legal process nor his ignorance of the exhaustion requirement merits equitable tolling. See Turner v. Johnson, 177 F.3d 390, 391 (5th Cir. 1999). Thus, unless the state court's errors actively misled Hayes to believe: 1) that his claims in the application challenging the escape conviction were exhausted; or 2) that filing a federal habeas petition would toll § 2244(d)'s one-year statute of limitations, either of which would warrant filing a federal habeas petition at that juncture rather than a subsequent state application for relief, we cannot say that Hayes was actively misled or prevented in some extraordinary way from asserting his rights.[4]

Based on the information in the record, we find that Hayes cannot fault the state court for his choice to file the federal habeas petition. Specifically, Hayes admitted in his application for COA that by August 12, 2002,[5] he was on notice that his first motion for post-conviction relief challenging his escape conviction was not being reviewed. Nonetheless, Hayes filed his first federal habeas petition the next month, before the state court denied his motion for rehearing in October. Thus, in deciding to pursue the § 2254 petition, Hayes could not have relied upon any affirmative representations from the state court that his claims challenging the escape conviction had been exhausted.[6]

---

[4] Hayes had over four months from the time he knew that the court was not reviewing his January 28 motion for post-conviction relief to re-file in state court and toll AEDPA's limitations period during the pendency of the state action.

[5] August 12, 2002, was the date that the state court denied Hayes's request to supplement his brief as moot.

[6] One could argue that Hayes filed this early federal habeas petition as a "protective" petition, see Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005), and that the state court's October

Furthermore, none of the state court's rulings indicated whether a federal habeas petition would toll, statutorily or equitably, AEDPA's one-year limitations period. As such, Hayes's early pursuit of his federal habeas petition was likely a product of his own unfamiliarity with the law and does not constitute extraordinary circumstances sufficient to find the district court abused its discretion in denying equitable tolling. Cf. United States v. Patterson, 211 F.3d 927, 931 (5th Cir. 2000) (finding that where district court was under mistaken impression that the defendant would not be time-barred from filing another § 2255 motion at a later date, and defendant relied to his detriment on that representation, "circumstances [we]re sufficiently rare and extraordinary to warrant equitable tolling"); see Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002) (noting the absence of affirmative statements comparable to those in Patterson on which the petitioner could have relied upon to his detriment).

Further, Hayes argues that the filing of his first § 2254 petition tolled the limitations period, but that the district court "overlooked" the effect of the petition when deciding whether his instant § 2254 petition was timely. "A plain reading of [ ] AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." Lackey v. Johnson, 116 F.3d 149, 151 (5th Cir. 1997). Because Hayes's argument exceeds the narrow issue for which a COA was granted: whether the instant petition for a writ of habeas corpus was rendered timely due to equitable tolling

---

denial of rehearing misled him to believe that his claims challenging his escape conviction had been exhausted, justifying his October through March inaction in state court while he awaited the district court's judgment. Here, however, Hayes's early § 2254 filing could not have been intended to provide protection from AEDPA's clock, since he subsequently chose to dismiss the petition in its entirety, even after being warned by the MJ that the statute of limitations had expired and afforded an opportunity to amend.

triggered by the state court's repeatedly misfiling the petitioner's appellate and state post-conviction pleadings," we must not consider it.[7]  (Emphasis added.)

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal of Hayes's § 2254 petition as time-barred.

---

[7] Nevertheless, it is well established that the limitations period under § 2244(d)(2) is not tolled during the pendency of a federal petition that is dismissed for failure to exhaust.  See Duncan, 533 U.S. at 181–82 (noting that § 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition); see also Grooms v. Johnson, 208 F.3d 488, 489 (5th Cir. 1999).  Furthermore, if we were to consider whether the pendency of the federal petition justified equitable tolling, see Duncan, 533 U.S. at 183–84 (Stevens, J. concurring) (explaining that Duncan does not preclude a court from equitably tolling the limitations period during the pendency of a prior federal habeas proceeding), we would answer in the negative because Hayes chose to dismiss his § 2254 petition in its entirety, despite being warned that a subsequent petition would be untimely and given an opportunity to amend his petition by the MJ.  Thus, Hayes was neither actively misled by the district court nor prevented in some extraordinary way from asserting his rights.  See Felder, 204 F.3d at 171.