# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-60253
Summary Calendar

JANAISA DAIANA BARBOSA

Petitioner

v.

MARK FILIP, ACTING U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98 402 137

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Janaisa Daiana Barbosa, a native and citizen of Brazil, petitions this court for review of the Board of Immigration Appeal's (BIA) order affirming the immigration judge's (IJ) order denying her motion to reopen removal proceedings. When, as here, the BIA adopts the IJ's decision, we may review the IJ's decision. See Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997). A "highly deferential abuse of discretion standard" applies in reviewing the BIA's denial of a motion to reopen. Lara v. Trominski, 216 F.3d 487, 496 (5th Cir. 2000). We will affirm the BIA's decision as long as it is not capricious, without foundation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in the evidence, or otherwise so irrational that it is arbitrary, rather than the result of any perceptible rational approach. See Singh v. Gonzalez, 436 F.3d 484, 487 (5th Cir. 2006).

Barbosa, who was ordered removed in absentia after she failed to appear for her removal hearing, maintains that her motion to reopen should have been granted because the notice to appear (NTA), with which she was personally served, was not translated in her native language of Portugese and that, as a result, her due process rights were violated. Barbosa specifically complains that she was not properly advised of her duty to provide the immigration court with an address. Barbosa's arguments regarding the NTA are without merit.

Due process requires that notice be "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the [removal] action and afford them an opportunity to present their objections.'" Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). The requirements regarding the notice at issue in the instant case, the NTA, are detailed at 8 U.S.C. § 1229(a)(1). Section 1229(a)(1) does not explicitly require that the NTA be in any language other that English.

The NTA in the instant case comported with the statutory and constitutional requirements. The record reflects that Barbosa received oral notice in Spanish of the time and place of the hearing as well as the consequences of her failure to appear for the hearing. The record further indicates that Barbosa acknowledged her receipt and understanding of the NTA by signature. Furthermore, Form I-213, Record of Deportable/Inadmissible Alien, indicates that Barbosa spoke and understood the Spanish language. Based on these facts, the BIA found that Barbosa understood the warnings she received. The BIA's factual finding is supported by substantial evidence. See Girma v. INS, 283 F.3d 664, 666 (5th Cir. 2002). As Barbosa was informed of her duty to provide the immigration court with her address and failed to do so, she was not entitled to notice of the removal hearing. 8 U.S.C. § 1229a(b)(5)(B).

Barbosa further challenges the NTA was defective because it did not specify the date and time of the hearing. Barbosa did not present this issue to the BIA. She therefore has failed to exhaust administrative remedies and we lack jurisdiction to consider her argument. See Wang v. Ashcroft, 260 F.3d 448, 452 (5th Cir. 2001).

Barbosa additionally argues that the BIA and IJ abused their discretion by not reopening her removal proceedings on the ground that she had shown exceptional circumstances for not attending the hearing. While she acknowledges that her motion to reopen was not filed within the 180-day time limit for filing a motion to reopen on this ground, she maintains that this time limit should have been equitably tolled. Barbosa alternatively argues that the time limit should be waived since she never receive a notice of hearing.

Barbosa has not shown the exceptional circumstances necessary to be entitled to reopen her removal proceedings. Moreover, Barbosa has not demonstrated rare and exceptional circumstances that might entitle her to equitable tolling. See Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999) ; Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). Nor has Barbosa established that the time-limit should be waived based on her argument that she never received notice of the hearing; Barbosa did not receive notice because she did not provide the immigration court with her address as required. Accordingly, Barbosa has not shown that the BIA abused its discretion by denying her motion to reopen. See Lara, 216 F.3d at 496.

Accordingly, Barbosa's petition for review is DENIED.